## Pardun and Another v. Dobesberger.

Bill of foreclosure against a mortgagor and subsequent mortgagee. Defendants defaulted. Decree that the mortgagor should, within, &c., pay the sum due on the complainant's mortgage, and that in default thereof the premises should be sold, the costs and the amount of the complainant's mortgage paid, and the residue of the proceeds of the sale brought into Court to await its further order. *Held*, that the defendants could not complain that the sum due to the subsequent mortgagee was not ascertained and directed to be paid out of the overplus left after the payment of the complainant's mortgage and costs.

A certificate of acknowledgment to a mortgage after certifying that the husband and wife had voluntarily executed the deed, was as follows: " The said wife having been by me examined separate and apart from her said husband, and the contents of the above deed being read and explained to her *as the law directs*, acknowledged the same to be her voluntary act and deed, without force or coercion from her said husband." *Held*, that the certificate showed a legal acknowledgment under the R. S. 1843.

May Term,
1852.

PARDUN
v.
DOBESBERGER.

Monday,
May 31.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—Bill in chancery to foreclose a mortgage. The bill was brought by *Matis Dobesberger*, a mortgagee, against *Walter Pardun* and wife, mortgagors, and *Franklin Staker*, a subsequent mortgagee. The note and mortgage to the plaintiff in the bill were made exhibits. The defendants made default, and there was a decree that *Pardun* should pay the amount due from him upon the mortgage to *Dobesberger* within six months, or that, in default of such payment, the property mortgaged should be sold, the costs of the suit and the amount of *Dobesberger's* mortgage paid, and the overplus of the sale-money, if any, brought into Court to await its further order.

This decree is complained of because it does not ascertain the amount due to *Staker* on his mortgage ,and direct its payment out of any overplus-money there might be at the sale ordered.

It was proper, though perhaps not necessary, that *Staker*, as a subsequent incumbrancer, should be made a party to this suit. See Story's Eq. Pl. s. 193, and note 2 on page 239. He would thus be enabled to come in at the hearing, establish any claim he might have, and ask a decree for its payment out of any money there might be after paying prior incumbrances on which the mortgaged property might be sold. But should he not so come in, it would not be the duty of the first mortgagee, plaintiff, to establish the claim of the second mortgagee, defendant. It would suffice for the plaintiff to establish his own. And neither *Staker* nor the other defendants in this case can complain that a decree was not rendered which was not asked for nor shown to be due by proofs. Nor has *Staker* been injured by the failure to render such a decree; and for this reason he could not obtain a reversal of the decree that was made in the case. On the return of the overplus-money from the sale to the Court by the sheriff, *Staker* can still come in, on notice to the proper parties, and claim the application of it in liquidation of his mortgage.

It is also contended that the decree barring the right

of *Pardun's* wife in the mortgaged premises is erroneous, because the mortgage was not legally acknowledged. The certificate of acknowledgment is in the following form:

" State of *Indiana, Dearborn* county, sct.: Before me, *William Tibbetts*, a justice of the peace within and for said county, personally came *Walter Pardun* and *Dinah Pardun*, the foregoing grantors, and acknowledged the above indenture to be their voluntary act and deed for the uses and purposes therein contained—the said wife having been by me examined separate and apart from her said husband, and the contents of the above deed being read and explained unto her as the law directs, acknowledged the same to be her voluntary act and deed without force or coercion from her said husband. In testimony," &c.

The R. S. of 1843, which we presume to have been in force in *Dearborn* county at the time this acknowledgment was taken, requires that the wife, in acknowledging a deed, shall be examined relative thereto, separate and apart from, and without the hearing of, her husband, and that the officer taking the acknowledgment shall certify the examination to have been so made. P. 421. The certificate in this case will, or will not, be evidence of a legal acknowledgment, according to the construction that shall be given to section 42, p. 421 of said R. S. If a liberal construction be given—if a substantial compliance only with it, in regard to the certificate of acknowledgment, be required—the certificate may be held sufficient evidence. If a strict construction be adopted, and a literal compliance be required, this certificate cannot be held evidence that a legal acknowledgment was taken. We think the ends of justice will be best subserved by adopting a liberal construction and requiring but a substantial compliance, and accordingly hold the certificate sufficient. The law requires that the examination of the wife shall be apart from and without the hearing of the husband—that is, so far apart from him that he cannot hear it; and the officer certifies in this case, as we understand him, that the exa-

May Term,
1852.

mination, &c., was apart from the husband " as the law directs," and we presume in favor of the officer's having discharged his duty legally (1).

*Per Curiam.*—The decree is affirmed with 1 *per cent.* damages and costs.

*J. T. Brown,* for the plaintiffs.

*T. Gazlay,* for the defendant.

(1) See *Butterfield* and Others v. *Beall, ante,* p. 203.